IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>     Plaintiffs,<br><br>  v.<br><br>JACK COOPER TRANSPORT COMPANY, INC., a Delaware corporation; and AUTO HANDLING CORPORATON, a Delaware corporation,<br><br>     Defendants. | Case No. 19 C 1664 |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Arthur H. Bunte, Jr., one of the Pension Fund's present Trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*., and is a suit to recover employer contributions owed to the Pension Fund by Defendants in accordance with applicable collective bargaining, participation, and trust fund agreements.

2. This Court has jurisdiction over this action under sections 502(e) and(f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(f).

-1-

-2-

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3), with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

7. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), the Pension Fund as well as the Trustees, by and through their designated trustee Arthur H.

Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting unpaid contributions.

8. Defendant Jack Cooper Transport Company, Inc. ("Cooper") is a Delaware corporation with its principal place of business in the State of Missouri. Cooper is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

9. Defendant Auto Handling Corporation ("Auto Handling") is a Delaware corporation with its principal place of business in the State of Missouri. Auto Handling is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. Certain local unions affiliated with the IBT have represented, for the purposes of collective bargaining, certain employees of Cooper and Auto Handling, and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, Cooper and Auto Handling were parties to a collective bargaining agreement with the Teamsters National Automobile Transporters Industry Negotiating Committee and Local Unions affiliated with the IBT known as the National Master Automobile Transporters Agreement and certain Supplemental Agreements for the period from September 1, 2015 through May 31, 2021 (collective referred to as the "CBA").

12. Pursuant to the CBA, Cooper and Auto Handling are required to make contributions to the Pension Fund on behalf of certain of their covered employees.

13. During all relevant times, Cooper and Auto Handling and the IBT Locals were also parties to Participation Agreements (collectively the "Participation Agreements").

14. Pursuant to the Participation Agreements, Cooper and Auto Handling were required to make contributions to the Pension Fund on behalf of certain of their covered employees.

15. Cooper and Auto Handling agreed to be bound by the terms of the Pension Fund Trust Agreement (the "Trust Agreement"), and all rules and regulations promulgated by the Trustees under said Trust Agreement.

16. The Trust Agreement requires Cooper and Auto Handling to "make continuing and prompt payments to the [Pension Fund] as required by the applicable collective bargaining agreement."

17. Article XIV, Section 4 of the Trust Agreement provides:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus

-4-

liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

18. The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

19. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Pension Fund relies upon these reports submitted by employers to prepare a monthly contribution bill that is sent to the employer. If no changes are reported by the employer, the Pension Fund assumes that the same employees are still working and bill the employer accordingly.

## COUNT I: LEGAL RELIEF

20. Plaintiffs incorporate the allegations of paragraphs 1 through 19 as if fully restated herein.

21. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

22. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

23. Cooper and Auto Handling have reported the work history of their covered employees to the Pension Fund.

24. Cooper and Auto Handling have breached the provisions of ERISA, the CBA, the Participation Agreements, and the Trust Agreement by failing to pay the

-6-

contributions (and interest due thereon) owed to the Pension Fund based upon the work history reported to the Pension Fund by Cooper and Auto Handling for the period of November 25, 2018 through January 26, 2019 and based upon certain retroactive work history adjustments for the period prior to November 25, 2018.

25. Despite demands that Cooper and Auto Handling perform their statutory and contractual obligations with respect to making contributions to the Pension Fund, the Defendants have neglected and refused to pay the amounts that are now due to the Pension Fund as a consequence of the conduct set forth in paragraph 24.

26. Cooper and Auto Handling owe to the Pension Fund in excess of $5,100,000.00 for unpaid contributions (not including interest) for the period of November 25, 2018 through January 26, 2019 and the work history adjustments for the period prior to November 25, 2018.

27. Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g), the Pension Fund is entitled to a judgment consisting of all contributions owed as of the date of the judgment, plus the greater of double interest or single interest plus liquidated damages, their attorneys' fees and costs, and post-judgment interest.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Pension Fund based upon the employee work history reported by Defendants;

(ii) interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%)

        plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv)    attorneys' fees and costs;

(b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)    For such further or different relief as this Court may deem proper and just.

## COUNT II: EQUITABLE RELIEF

28.    Plaintiffs incorporate the allegations of paragraphs 1 through 19 as if fully restated herein.

29.    Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides, "A civil action may be brought—"

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan. . .

30.    Pursuant to the CBA, the Participation Agreements, and the Trust Agreement, Cooper and Auto Handling are subject to an ongoing obligation to pay

F: 574607 / 19111838/ 2/15/19

contributions to the Pension Fund, but have consistently failed to pay their monthly obligations for the period of November 25, 2018 through January 26, 2019.

31. Cooper and Auto Handling have represented to the Pension Fund that their failure to pay their current, ongoing contribution obligations to the Pension Fund is due to their financial problems.

32. Cooper and Auto Handling's next monthly contribution (for February 2019) is due on March 15, 2019 and is estimated by the Pension Fund to be in excess of $2,000,000 due to the Pension Fund.

33. The Pension Fund has no adequate remedy at law to prevent Cooper and Auto Handling's continued refusal to comply with the terms of the CBA, the Participation Agreements, and the Trust Agreement.

34. Unless Cooper and Auto Handling are enjoined from failing to comply with their obligation to submit required fringe benefit contributions, the Pension Fund will suffer irreparable harm.

35. The Pension Fund will suffer irreparable harm because it provides credit toward pension benefits to the employees of Cooper and Auto Handling regardless of whether the contributions that are intended to pay for the pension credit are ever collected.

36. Further, employer delinquencies such as Cooper and Auto Handling's adversely affect the Pension Fund's ability to meet funding standards and negatively impact the Pension Fund's financial integrity.

37. In addition, Cooper and Auto Handling's continued delinquency will cause the Pension Fund to lose the benefit of interest income that it would otherwise earn, and

cause the Pension Fund to incur additional administrative expenses in connection with the detection and remedy of the delinquencies.

**WHEREFORE**, Plaintiffs request the following relief:

(a) An order to show cause why Defendants should not be enjoined from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(b) A preliminary injunction enjoining Defendants from violating the provisions of ERISA, the CBA, the Participation Agreements, and the Trust Agreement;

(c) A permanent injunction enjoining Defendants from violating the provisions of ERISA, the CBA, the Participation Agreements, and the Trust Agreement;

(d) An order enjoining Defendants from distributing their assets outside the ordinary and normal course of its business during the pendency of this proceeding; and

(e) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/Anthony E. Napoli
Anthony E. Napoli
Attorney Plaintiffs
Central States Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2469
ARDC # 06210910
tnapoli@centralstates.org

March 8, 2019